IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 6, 2001 Session

## TIMOTHY DALE RIEDER v. PATRICIA ANN CAWLEY RIEDER

**Appeal from the Chancery Court for Grundy County**
**No. 4949     Jeffrey F. Stewart, Judge**

**No. M2000-02466-COA-R3-CV - Filed October 5, 2001**

The mother of a seven-year-old daughter asserts that the court awarded custody of the child to the father because the mother is homosexual. We find, however, that the court did not base its award on sexual orientation and that the evidence in the record supports the award of custody to the father. Therefore, we affirm.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Clark Lee Shaw, Nashville, Tennessee, for the appellant Patricia Ann Crawley Rieder.

Gerald L. Ewell, Jr., Tullahoma, Tennessee, for the appellee, Timothy Dale Rieder.

### OPINION

The parties married in 1990 and a child was born in 1993. The parties separated in November of 1999 when the mother began spending an excessive amount of time with a female companion. After the separation the mother moved in with her companion, and they have lived in a homosexual relationship since that time.

The relationship has not been tranquil, however. A journal kept by the mother contains references to many fights she had with her companion in 1998 and 1999. To be fair, the references to "fights" should be read as quarrels, but once in 1999 the companion decided to kill herself and the mother got there just in time to prevent it. The next day they were fighting again.

The mother quit keeping the journals when the father found them, but proof at the trial showed that in May of 2000 the mother attempted suicide after writing a long suicide note to her daughter. In the note she said she had lost control of her life, that she couldn't make her companion happy and couldn't face life without her. Although the mother blames her decision to commit

suicide on a bad reaction to prescription drugs, the love/conflict relationship between her and her companion seems to endure.

Before the separation, the parties lived in a house the husband bought just before the marriage. This is the only home the child has ever known. It is located a short distance from the paternal grandparents' home where the child has spent a lot of time all of her life. There is nothing in the record that detracts from the father's ability to raise the child.

## II.

The trial judge awarded custody to the father based on the stability of the home and the environment in which the child had been raised. He also considered the fact that the mother's relationship with her lover had interfered with her parental responsibilities. He cited the public displays of affection in front of the child, some homosexual literature left in plain view, and sex toys passed between the lovers without much of an attempt to hide them. He also cited the child's confusion over who her family was.

The court's findings echo some of the factors the legislature has listed as keys to finding what will serve the best interests of the child. *See* Tenn. Code Ann. § 36-6-106(a)(3), (4), (5) & (9). In fact it is fair to say that none of the factors listed in the statute point toward placing custody with the mother. In the areas where the mother shows some strength the father has equal strength, without the weaknesses the mother suffers in other areas.

Choosing the custodial parent that will best serve the interests of a child often requires a test of comparative fitness. *Bah v. Bah*, 668 S.W.2d 663 (Tenn. Ct. App. 1983). Where the question is that close the appellate courts must give great deference to the trial judge's decision, *Gaskill v. Gaskill*, 936 S.W.2d 626 (Tenn. Ct. App. 1996), in addition to indulging a presumption in favor of the trial judge's finding of facts. *See* Tenn. R. App. P. 13(d). In this case the trial judge's findings of fact are clearly supported by the record and we affirm the custody award.

The appellant tries to make this a case about her sexual preferences and the role that factor plays in the custody of children. We have to say, however, that the sex of the mother's love interest is not a factor in this case. It is not listed as a factor in Tenn. Code Ann. § 36-6-106 and we have not seen any indication that sexual preferences are linked to the love and affection a parent has for a child. We do find that sexual activity, whether heterosexual or homosexual, may occur in inappropriate times and places and reflect on the parent's ability to serve the best interests of a child. Affairs of the heart may be so intense that they cloud the judgment of the participants. We think that is what happened here.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Grundy County for any further proceedings necessary. Tax the costs on appeal to the appellant, Patricia Ann Cawley Rieder.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.